UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD B. MEEHAN,

    Plaintiff,

v.                                      CASE No. 8:08-CV-1627-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-five years old at the time of the administrative hearing and who has the equivalent of a high school education (Tr. 626, 627), has worked as a salesman and a commercial fisherman (Tr.

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

96). On January 21, 2005, he filed a claim for Social Security disability benefits, alleging that he became disabled on January 1, 2003, due to various physical ailments (Tr. 57, 66-67). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff was last insured for disability benefits on December 31, 2003 (Tr. 12). The law judge found further that, as of that date, the plaintiff had a severe impairment of "degenerative disc disease with myositis" (<u>id</u>.). The law judge determined that, despite this impairment, the plaintiff had the residual functional capacity to perform the full range of light work (Tr. 13). The law judge concluded that, with this functional capacity, the plaintiff could return to his past work as a salesperson and a commercial fisherman (Tr. 16). Based upon these findings, the law judge ruled that the plaintiff was not disabled through his date last insured of December 31, 2003 (<u>id</u>.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A). In this case, moreover, the plaintiff must show that he became disabled before his insured status expired on December 31, 2003. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(e). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. In such cases, the regulations direct that an individual's residual

functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2.

III.

The plaintiff filed an application for benefits on January 21, 2005, alleging that he became disabled as of January 1, 2003. To show that he is eligible for disability benefits, the plaintiff must prove that his impairments rendered him disabled before his date last insured, which, in this case, is December 31, 2003. In other words, the relevant period for the plaintiff's claim is the year 2003. Significantly, there are only about a dozen pages in the 636-page transcript that reflect medical treatment in that year (Tr. 431-39, 470, 506, 508).

Moreover, the only impairment the plaintiff raises in his challenge to the law judge's decision is a mental impairment. During 2003, the plaintiff was not receiving any mental health care, and there are no records from that year regarding the plaintiff's mental status. Accordingly, two nonexamining reviewing psychologists determined in 2005 that there was

insufficient evidence to make a determination regarding the plaintiff's mental status as of December 31, 2003 (Tr. 359, 383).

The law judge concluded that, "[t]hrough the date last insured," the claimant's mental impairments were nonsevere (Tr. 12). In this respect, the law judge found that the plaintiff had only mild limitations in the areas of activities of daily living, social functioning, and concentration, persistence, or pace, and had no episodes of decompensation (Tr. 12-13).

The plaintiff contends that the law judge's findings are inconsistent with the findings of Barbara A. Dorn, Ph.D., who conducted a consultative evaluation of the plaintiff on April 5, 2005 (Doc. 25, p. 6). Dr. Dorn's report stated (Tr. 407-08):

> Vocationally, the claimant appears to be capable of understanding and following simple instructions and directions. He appears to be incapable of performing simple and complex tasks with supervision and independently at this time. He appears to be incapable of maintaining attention and concentration for tasks. He can regularly attend to a routine and maintain a schedule. He appears capable of learning new tasks. He appears to be capable of making appropriate decisions. He appears to have difficulty relating and interacting appropriately with others. He appears to great [sic] difficulty dealing with stress.

The plaintiff argues that Dr. Dorn's findings are inconsistent with the law judge's findings that the plaintiff could perform the full range of light work with no mental limitations (Doc. 25, p. 6). In particular, he points to Dr. Dorn's comments that the plaintiff appears to be incapable of performing simple and complex tasks with supervision and independently at this time, and appears to be incapable of maintaining attention and concentration for tasks (id.).

However, while the law judge noted Dr. Dorn's report (Tr. 13) and said he gave it significant weight (Tr. 16), he obviously did not accept Dr. Dorn's comments regarding the performance of tasks and maintaining concentration. Thus, he found that the plaintiff had only mild limitations in concentration, persistence, or pace, and did not include any mental limitations in his determination of the plaintiff's residual functional capacity.

Further, the law judge could reasonably discount Dr. Dorn's comments regarding the performance of tasks and maintaining concentration. Most significantly, Dr. Dorn's report does not relate to the relevant year of 2003. Rather, the report relates only to the plaintiff's mental status as of the

-8-

date of the exam in April 2005. Thus, there is no indication in the report that Dr. Dorn sought to assess the plaintiff's mental condition as of December 31, 2003. To the contrary, Dr. Dorn stated that the plaintiff "appears to be incapable of performing simple and complex tasks with supervision and independently <u>at this time</u>" (Tr. 407-08)(emphasis added).

In addition, the portions of Dr. Dorn's report upon which the plaintiff seeks to rely are internally inconsistent and confusing. Thus, Dr. Dorn stated that the plaintiff's "attention and concentration was intact" (Tr. 407), and also that the plaintiff appeared incapable of maintaining attention and concentration for tasks (Tr. 408). She said further that the plaintiff "appears to be capable of understanding and following simple instructions and directions" (Tr. 407), and also that "[h]e appears incapable of performing simple and complex tasks with supervision and independently at this time" (Tr. 407-08).

Under these circumstances, the law judge was fully justified in disregarding Dr. Dorn's comments regarding the plaintiff's purported mental incapacity to perform tasks and to maintain concentration. Those comments

did not pertain to the relevant period. Moreover, they were contradicted by other findings in the report.

The plaintiff's challenge to the law judge's finding that the plaintiff in 2003 did not have a severe mental impairment and had no mental functional limitations was predicated solely upon the statements in Dr. Dorn's report. Since the law judge reasonably disregarded those statements, the challenge fails.

The plaintiff also makes two arguments that the law judge erred in finding that the plaintiff could return to past work (Doc. 25, pp. 7-11). The law judge concluded that the plaintiff could perform a full range of light work and, thus, could return to work as a salesman and a commercial fisherman (Tr. 16). It is, of course, the plaintiff's burden to demonstrate that he cannot return to prior work. Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987).

As the Commissioner seemingly concedes, the law judge erred in finding that the plaintiff could return to work as a commercial fisherman, since, according to the Dictionary of Occupational Titles, that is medium work (# 442.684-010) (Doc. 26, pp. 9-10). Because the law judge found the plaintiff limited to light work, the job of commercial fisherman would not be

within the plaintiff's functional capacity. Nevertheless, because the law judge also found that the plaintiff could return to work as a salesman, and that finding is supported by substantial evidence, the error concerning the job of commercial fisherman is harmless. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983).

The plaintiff argues, however, that the law judge did not adequately discuss the mental demands of the position of salesman (Doc. 25, pp. 8-11). This argument is based upon the notion that the report of Dr. Dorn established that the plaintiff had mental limitations. For the reasons previously stated, the law judge appropriately disregarded those portions of Dr. Dorn's report upon which the plaintiff relies. Moreover, the law judge concluded that, during 2003, the plaintiff did not have any mental functional limitations. Under these circumstances, it was unnecessary to develop the mental demands of the plaintiff's prior work as a salesman. The plaintiff previously had the mental capacity to perform the job, and there is no evidence that in 2003 the situation had changed.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision, which is supported by substantial evidence and does not contain any reversible error, is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 24th day of August, 2009.

*Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE